Case 21-5008, U.S.A. v. Damone Bell and Case 21-5423, NRA, United States of America. You may proceed for the appellant, Mr. Cushing. May it please the court, Terry Cushing for the United States. And your honors, I'd like to talk to the clerk ahead of time and would like to reserve five minutes for rebuttal. Thank you. Your honors, when a district court rejects a plea agreement and there are charges that remain unresolved, the court must continue with the case until those charges are resolved. Here, the district court rejected a plea agreement that included an agreement to allow the defendant to plead guilty to a lesser-included offense. But unindicted, a lesser-included but unindicted offense, correct? That's correct. The indictment charged the defendant with distributing drugs that resulted in death. When the district court rejected the plea agreement that allowed a plea to the lesser-included offense, the plea agreement and that consent was nullified. Well, did the court reject the plea agreement or just the sentencing recommendation? Because when I think about the plea agreement, it's the defendant's consent to plead plus your recommendation or the read of a recommendation. So are you saying that if he rejects one portion of that, it nullifies everything? Absolutely, your honor. A judge cannot piecemeal its rejection. The district court cannot piecemeal its rejection of a plea agreement. So if a person pleads guilty and there's a sentencing recommendation and the judge decides not to accept the recommendation but imposes a higher sentence, does that nullify everything? Well, the judge should not get to the sentencing phase if there are unresolved charges. Now, in this situation where the defendant pleads guilty to what is actually charged in the indictment, there is no agreement to dismiss charges. There's no agreement to a lesser-included offense. And the judge rejects the plea agreement. And the defendant then can remain, maintain his guilty plea and the court does proceed to sentencing because there are no charges left to be unresolved or left to be resolved. Here, though, there is a charge, the grand jury charge, that was left unresolved. The consent, the United States' consent, was only given in the context of the plea agreement. Could you have preserved that more explicitly? I don't see how, Judge. You could put in your plea agreement that if the plea is rejected, you waive any double jeopardy objection to re-indict. It would seem to be that would be the way to handle it. Because the way you're doing it now, it just seems like you're identifying a condition that was never explicit. You're saying this, you consented to the lesser plea, to the plea to the lesser offense, right? Only in the context of the plea agreement, right? So you're saying you consented to it subject to the plea agreement, but that wasn't made explicit, it seems to me. You could have made it explicit in the plea agreement that if it was rejected, it just wasn't anticipated. I'm not blaming you or anything. I just think the clear way to deal with this would be not to do something which seems to be inconsistent with the rule and say that this plea doesn't count anymore. Well, three points on that in response to that, Your Honor. First, the plea agreement did spell out that the United States was agreeing to the defendants pleading guilty to a lesser included offense. If that's in the plea agreement, I'm sorry I don't have the paragraph off the top of my head. I don't have it right here, but if you look for it, I've got it down here somewhere. It doesn't seem very explicit that it preserves the possibility of that re-indictment. It never said it's conditional, correct? There's no language in that agreement that says it's conditional. Well, I was getting there, Judge. Paragraph 18 of the plea agreement. Here it is, I've got it. Here it is. If the court refuses to accept this agreement, that's happened, and imposed sentence in accordance with its terms, this agreement will become null and void. All right, the agreement becomes null and void. The defendant will be allowed to withdraw the plea of guilty. It didn't exercise that. Similarly, the United States may pursue any and all charges supported by the facts of the law. That's what you're relying on. But that's not a very explicit preservation of what you're trying to do here. Well, it didn't have to be, Judge. So then you're saying it's implicit. It doesn't even have to be implicit, Judge. The rules do not cover what happens. If they don't cover it, then you lose, though, don't they? No, Judge, because we're not talking about what Rule 11 covers. Rule 11 is really irrelevant to this question. The question is, what does the court do after it completes Rule 11? Because after that, then we have to determine what is left to do in the case. But the problem is there's been a plea to a lesser offense that you consented to. But only in the context of the plea agreement, Your Honor. Well, but it doesn't say that. It just said we consent, and the plea agreement isn't explicit that you're preserving this possibility of indicting him later on the greater offense. Well, we didn't indict him later. The indictment remained. The indictment remains, but he's pled to the count in the indictment, though, right? Pursuant to your consent, he's pled to it, right? He did, but only in the context of the plea agreement. When the court rejected the plea agreement, it's as if the plea agreement never existed. Yeah, but it isn't as if the—he took the plea, though, right? I mean, he accepted guilt under the plea agreement, right? You're just saying that didn't happen, now? No, he accepted guilt only to the lesser-included offense, which he cannot do. Well, he can. He did consent to it, right? Right. He can do that according to our consent, but our consent was conditioned on the plea agreement. Where is that condition clear? Well, Your Honor, it's in the plea agreement that we agreed to. There was no other place in the record outside of the plea agreement and the discussion of the plea agreement at the guilty plea that gave our consent. Our consent was conditioned on the plea agreement. But where does it say it's conditioned on the plea agreement? That's what I'm saying. If it had been explicit, then it would have made more sense. Well, Judge, let me go back. Let me do it again. The plea agreement is the only place where we said we consent. The plea agreement in paragraph 18, which it really didn't need to be there, but it was, paragraph 18 says if the judge rejects the plea agreement, in addition to the other provisions, the United States can pursue any charges supported by the facts and the law. I don't have to be more explicit than that. Any charges supported by the facts and the law, and the charge remained. I think the concern is that it is not a separately indicted offense. So when the plea was entered, the plea was accepted as to that singular indictment with the lesser included offense within it. And my understanding of the record is you did not, there was no statement at the plea stage that evidenced a conditional consent, right? No, that's not true, Judge. No, I'm sorry, at the plea taking, the original plea taking. When the judge took the plea, the prosecutor said at page 336, record 64, the plea transcript, page 336, the prosecutor said in that context too that if the court rejects the plea agreement, then it becomes null and void and the United States may pursue any charges supported by the facts and the law. That was the understanding. He did so by referencing the plea agreement? She did reference the plea agreement, but she said the words in the transcript. If you read the transcript at page 336, she says the words. So it wasn't just paragraph 18, it was this becomes null and void and the United States can pursue any charges supported by the facts and the law. If I can go back to the point Judge Roberts made about waiving double jeopardy, there's no double jeopardy to waive here. There's no reason to put a waiver of double jeopardy in the plea agreement. There is no double jeopardy that attaches here because. If you think of the plea, which was not withdrawn, even though it could have been withdrawn, as dealing with the indicted count, that's the action of the court on the indicted count. Then there's nothing left to indict upon, but your brief raises a substantial concern in my mind that this is not fair to the government. Because it keeps the government from being able to protect itself from some sort of double jeopardy argument. It seems to me the answer to that, instead of doing what you're suggesting, which requires sort of a way of, an unusual way of thinking about what it means to consent to a plea, for the government to accept a plea to a lesser offense, is that if you then go back and try to try the person on the greater offense, they can say, no, that offense has already been dealt with, and it would be double jeopardy. And the way around that, to meet your policy concerns, although it won't help you in this case, would be to have a double jeopardy waiver in the, a conditional double jeopardy waiver in the plea agreement, which says if the judge rejects this, we waive our, any objection we might have to being re-indicted on the greater offense. If you had that in there, then all this would work fine. Your policy concerns would work, and the language of the rule would work. It just doesn't help you in this particular case. Does that make sense? I understand what you're saying, but it really isn't the logical way to go about this. And because there is no re-indictment to be done here. The indictment stands. The indictment count charged him with. But pursuant to that indictment of that claim, of that count, he is pled with your consent to a lesser included offense. So it looks like that there's that consent to the plea to a lesser included offense. That has to be somehow evaporated in order to, that's the argument. Right, and it was, because the judge rejected the plea agreement. Yeah, but it's kind of hard to reject something you've already done, which is plead to the lesser offense, unless you preserve that explicitly. So here's a follow-up on that. Assuming a hypothetical where you have these basic facts with the plea to the lesser offense, and the judge, let's say the judge accepted that. Under your scenario, if the government, for whatever reason, decided later on they wanted to pursue the higher offense, would they have been able to do that, or would Jeopardy preclude that? If the United States consented and it was not conditioned on anything, and it was a completely unconditional consent, the defendant ended the plea, the judge accepted it, no, the United States could not pursue the greater charge. Why couldn't you? Double Jeopardy. Double Jeopardy. Okay, so it seems to, and that's why I think that the point that Judge Rogers makes for his questioning is really an impediment for your argument here. Because I understand that you're saying that the judge didn't accept it, but that doesn't mean that Jeopardy didn't attach. I hadn't attached at that point. They could, but they could have a waiver in the plea agreement, which would take care of this problem. You would at least agree with that. A waiver would have been superfluous, Judge. Because they would have avoided this argument. They could have, but the defendant signed the plea agreement that said if the judge rejects the plea agreement, it becomes null and void, and the United States can pursue any charges supported by the facts and the law. And that was his understanding of the plea agreement. If we were to reread that as saying they can pursue a subsequent indictment without a double Jeopardy waiver, then I think he would be right, but I'm not sure we can. That's the trouble I'm having. It seems to be hard to read all of that in a book. Judge, that's an inconsistent with Schuster. In Schuster, the defendant pled guilty during the trial to a lesser-included offense. Would the United States not object? I'll look at that. Was that cited in your brief, Schuster? It is. Schuster cited it in our brief here on this case out of this circuit. And the judge continued with that trial, and the defendant was convicted on the greater CCE offense. And this court said there was no double Jeopardy problem there. There was an entry of a plea. There was an acceptance of a plea. And the case still continued to resolve the unresolved question, the unresolved charge. I understand. I thought there was a way to distinguish that, but I can't articulate it at this moment. But I'll go look at it. Well, Judge. Remind me of the facts. Was that a separately indicted offense? Those were separately indicted. So this is not a separately indicted offense. Your Honor, it's still the same difference. We don't have to separately indict. There's no statute, no rule that requires us to separately indict. But I'm running out of time here, Judge. We have to complete that. But there is some, at least a conceptual difference between separately indicted offenses and lesser-included offenses. Because with respect to lesser-included offenses, they need your consent. Well, Judge, there's still lesser-included offenses. In the proper context, Jeopardy still attaches, and the United States would be precluded from pursuing the greater charge. But in a circumstance where there's a condition on the consent, when that condition is taken away, the consent is taken away. The judge cannot create a new plea agreement. The judge either has to accept a plea agreement or reject it. He can't accept part of it and reject part of it. It's all one acceptance or rejection. And here, the judge accepted the part that required our consent to the plea but rejected the part that required the sentence of 14 years. And I'm out of time. Thank you. And so we ask for a reverse of the district court. Thank you. May it please the court. My name is Frank Heffner. I represent the Appellate, Duvall Bell. Your Honor, it seems to me that the one thread that sort of underlies the problem with the government's argument is that they wrote the plea agreement in this case. If there are ambiguities in the plea agreement, those ambiguities have to be construed against it. This is not, as the government suggests, a condition, any type of conditioned plea. The paragraph 3 of the plea agreement, which is on page 310 of the record, states, and I quote, the defendant will voluntarily plead and will enter a voluntary plea of guilty to the charges in this case, including a lesser included offense in count 1. That's it. The government consented to the lesser included offense. And as I pointed out in the brief, they have repeatedly conceded through these proceedings that he pleaded guilty to a lesser included offense. They did so, obviously, in the plea agreement. They did so when Mr. Bell entered the guilty plea in the government's sentencing motion. Well, Mr. Heft, if they had in the plea agreement included a provision like the one I was hypothesizing, then you might be able to win this case, but if they could re-indict, you wouldn't be able to argue double jeopardy, is that correct? If there was a specific double jeopardy waiver, as you suggested, Your Honor, if that was a... Well, it could be as specific as it needs to be under the law. Well... There are cases about how specific it has to be, but assuming it's a waiver of the double jeopardy with respect to charging a greater offense later, should this agreement not be accepted, then that would obtain as long as it was specific enough. But you said this one is obviously... Right, right. Well, obviously, there's a waiver... Is that correct? It's... I believe... Yes, Your Honor, I believe so. Thank you. That's all I'm asking. Okay. But as I said, this plea is not conditioned at all, and the government's reliance on paragraph 18 is misplaced. What they want the court to do is read the first sentence of paragraph 18 of the plea agreement, and this is in the Record No. 61 at page 316. In the first paragraph, of course, as Mr. Cushing has mentioned and as the court has mentioned, it says, if the court refuses to accept the agreement in accordance with its terms, the agreement is null and void. They want you to stop reading that paragraph at that point. Obviously, you can't do it. You have to read the whole paragraph. The next sentence is the key to it, where it says the defendant will be allowed to withdraw his guilty plea. He'll be allowed to. He doesn't have to. There's no way they can force him to do it. And so what the judge did here is he complied fully with Rule 11. I think Judge Donald brought up the point of talking about one sort of legal entity, plea agreement, a guilty plea and a plea agreement. Now, there are two components to a seat plea, and I think the Supreme Court made that very clear in the Hyde case, which is cited in our brief. Acceptance of the guilty plea is one component. Rejection or acceptance of the plea agreement is a different component. They are not the same, and that was the problem again that the Supreme Court saw in that Hyde case. The Ninth Circuit was treating the guilty plea and the plea agreement as one and the same. This is a case with seven months' difference. He entered a significant time. He entered the plea. He pled guilty to the indictment, what was indicted, both including the lesser included. And then six or seven months later, the court rejected the plea agreement, which is what the Supreme Court was saying in that case, that they're two separate events and two separate responsibilities. Exactly. Yes, Your Honor. And I think Rule 11c-5 makes that dividing line very clear. And again, based on this record, there's no question that the judge complied with Rule 11c-5. He told the parties he was rejecting the plea agreement. He told Mr. Bell that he wasn't bound, he wasn't required to follow the plea agreement, but Mr. Bell could withdraw his guilty plea if he wanted to. But if he did withdraw the plea, the judge could impose a sentence that was less favorable to him. This situation would not arise, am I correct, if instead of being a lesser included offense, it was a different lesser offense? If it was a separate count in the indictment rather than a plea that he pled to, is that correct? I'm sorry, Judge, I'm not following that. Well, you could have an indictment which had two counts in it, one of one thing and the other of the other thing, rising out of the same incident, right? That's right. And if your client pled to one of them, it wouldn't necessarily mean that the court couldn't go forward with the other one, because it's a different offense. The problem here is that he pled to a lesser included offense of the offense, which he could only do with the consent of the government. And that's what's causing this issue to be raised and presented to us. It would be different in that other situation, wouldn't it? There is a difference here, but of course that's not this case. That's what I'm saying. Yes. That's a different kind of situation. Right. I agree with Your Honor. And that isn't your case, and you can't concede anybody's rights to somebody you don't represent. But your theory, as I understand it, would permit the government to proceed on that other count in that different situation. Is that correct? Well, if they had written the plea agreement differently, for example, in this case, there were two counts. I'm not talking about that other count. I'm talking about the count and the lesser included of the first count. All right. I understand there's another count in this case, but that's not really affecting anybody or anything in this case, right? Well, it goes to show that the government could have written a plea agreement. That's what I'm saying. Oh, a plea agreement. Yes, certainly they could have written a plea agreement there. That would have done exactly— I want to make sure I understand the theory here. The problem comes from the fact that there was a count, one count, putting aside that other count. There's this one count that has within it the possibility of a lesser included offense. And by pleading for the lesser included offense of this count, that disposes of this count. And they can't go and jack this count back up. But if that was not the situation, if it was a separate count, a different separate count, then that hurdle would not be faced in the same way. Is that correct? I think you're almost correct in that sense, yes. I guess the other point that I wanted to make with respect to what the court did here, again, the record is unequivocal that the guilty plea was accepted. The prosecutor in the district court made that certain. At the end of the guilty plea colloquy, the prosecutor asked the judge, so you're deferring acceptance of the plea agreement, but you're accepting the guilty plea. And the judge said, that's right. And that's on page 352 of the record of the guilty plea colloquy. So there's no doubt that we're dealing with two separate entities here, the guilty plea and the plea agreement. And as I said before, the judge here completely complied with Rule 11 in terms of accepting the plea under Rule 11a and b, accepting the guilty plea in terms of deferring whether or not to accept or reject the plea agreement. He complied with Rule 11c3a. He complied with Rule 11c5 when he rejected the plea by advising the parties. Could we agree with you on that without getting into the issue of whether there is double jeopardy in this case? Just leave that for any possible re-indictment they might try to bring, and then you could say, well, there's double jeopardy. But we don't need to decide the double jeopardy issue here, do we? Well, it's been brought up, Your Honor. I understand it's been brought up. I'm trying to find out whether we have to resolve it or not. I don't see why we do if we agree with you. We can just say this plea to the lesser offense is dispositive. Well, you can't proceed on it because it's already been taken care of. Right. Well, of course, the court could do that, Your Honor. But the problem is… What would be the problem with doing that? The problem is there is a double jeopardy bar. Yeah, but if we can rule for you without saying that, why do we have to say it? Just say that that count is no longer before us. It's been dealt with. You can't keep going. Under the rules. Well, just thinking down the road a little bit, if the court were to take that path, obviously the issue would have to be litigated in district court. I'm just thinking… It would only have to be if they re-indicted, I would think. Because this indictment has been taken care of. That's right. And if that happens, they can argue it or you can argue it. You can argue then whether there was something in the plea agreement that preserved the power to do that. So, counsel, what you're really concerned about in response to Judge Rogers' question is the possible exposure of your client while, potentially, while this is litigated. Is that correct? Yes. While the court is going through it. But you're not saying that what Judge Rogers posits would be unworkable and inappropriate. You're just concerned from an advocate standpoint about the risk to your client. Yes, Your Honor. That's correct. And unless there are other questions, I… Let me just… Would you agree? Well, I asked you this before, so I'll take it back. Go ahead. Let me just make a couple of points on double jeopardy. I understand where you're coming from, Judge Rogers. But I do think it's important at least to explain why there's no double jeopardy argument. First of all, we've argued that they have waived or forfeited that argument by not raising it earlier. The first time that they brought it up was in that motion to reconsider subsequent to… It was brought up the same day the judgment was entered. I guess it was filed the same day it was entered. And we would submit that they forfeited… If they haven't waived it, they forfeited their opportunity to make a double jeopardy bar because defense counsel brought up the double jeopardy issue in his sentencing motion and in his supplemental motion, a supplemental sentencing motion. The government never brought it up in either of their sentencing motions. They didn't bring it up in sentencing. And we would submit that it's waived or forfeited. But if we affirm here, then you effectively won on the issue in this case, correct? Yes, Your Honor. So if there's a double jeopardy issue to be litigated, it would have to be some sort of re-indictment that you could object to as double jeopardy and we could decide on the issue then, right? That's true. That's all I'm going to ask. Okay. And then if there are no other questions, Your Honors, I will… Well, let me just ask you this question. In the context of this case, if the language in paragraph 18 had read, if the court refuses to accept this plea agreement, it will become null and void and both parties will return to their original positions. Would you be in a position to make the argument that you're making now, and they had the same things occur where the judge accepted the plea and then rejected the agreement, the sentencing agreement? Would you be able to make the same argument in the face of that more specific language? I don't think so, Your Honor. I think that, again, if the language was that specific and they said, if the judge rejects the agreement, all bets are off. We go back to square one. You withdraw your plea. Then I think that's where we would go back to square one. But I think the other key point… But that would in effect require them to withdraw the plea. Right, and that's the key here. And the rule doesn't explicitly require it. It just gives them the option to withdraw it. Right. But isn't the key to the option that it resides in the defendant? Exactly. It's the defendant's option. It is not the prosecutor's option. It's not the plaintiff's option. 11C-5 puts the defendant in the driver's seat as far as withdrawing his guilty plea or not withdrawing it. The language like Judge Downs hypothesizes might alter that. Yes. Yes, it would. But, again, that's obviously not our case. If there are no other questions, we would respectfully ask the Court to affirm the District Court's ruling. Thank you. Again, may it please the Court. But, Your Honor, we are back to square one. Any time a plea agreement is wiped out for whatever reason, then it does put the parts back to square one. That's why we sent our Rule 28J letter to the Hawk case and Jones case. In those cases, the defendant was the one who successfully attacked the plea agreements. His plea came back. The plea agreement was then null and void. The defendant tried to hold the United States to its promise in the plea agreement in those cases to stick to the consent to the plea to the lesser included offense, and the Court said no. Once a plea agreement is nullified, then you do return to square one. But you don't, but here, there is perhaps some distinction there because who holds the right to do the actions under Rule 11? Didn't the government, in fact, receive the benefit of its bargain by the fact that this defendant pled guilty, a right that you, without that plea agreement, you could not have been assured short of actually winning a trial? Not at all, Judge. Our bargain here was for the lesser included defense and a 14-year sentence. Those things were tied together. And the defendant here says that this plea agreement was not conditional. Well, of course it was conditional. It was an 11C1C agreement. If the judge had said, I accept the plea agreement, but then sentenced him to 20 years or 17 years or something, anything over 14 years, well, then the Court would have been in violation of the plea agreement because it was conditioned on the judge executing the plea agreement.  The agreement is between the defendant and the government. But the sentencing aspect is proposed in the judge. I understand you're saying, well, if the judge did not fully accept each and every term of the agreement, then things happen. But doesn't the judge always have the responsibility for sentencing? Of course the judge does. But here the judge intruded on the executive prerogative of what charges to pursue. This case is just like N. Ray Ellis out of the Ninth Circuit, only in reverse. How did the judge intrude? The government agreed that this was a charge before the defendant to plea to you. The defendant pled. The judge engaged in a colloquy. The judge said, okay, but I'm going to wait until later to sentence until I can get and review the pre-sentence report. So if the judge accepted everything up front, I mean, accepted the plea up front, accepted the consensual agreement between the two parties, but deferred sentencing, once the judge reviewed the pre-sentence report, the judge basically rejected your agreed-upon sentence for this charge. But you can't piecemeal the plea agreement. We're not looking at this as a whole. These questions show that we're looking at this in different little pieces, and this plea agreement is not in different little pieces. This plea agreement is an agreement that you have to look at as a whole, and as a whole, this plea agreement was based on the judge sentencing the defendant to the 14 years. If he rejected that, which the judge did, then that put everybody back to square one in Your Honor's words. So if the judge in this situation, after having reviewed the pre-sentence report, said, Mr. Defendant, I am going to sentence you to 186 months, and let's assume that that's within the statutory range, so the defendant would say, foul, can't do that, we're back to square one. Yes, and the defendant would join us on that, foul, we're back to square one, because that's more than the 14 years. That is not complying with the plea agreement. You can't say I accept the plea agreement and then act contrary to the plea agreement, which is what the court did here. But I thought the court accepted the plea and then deferred the sentencing until he reviewed the pre-sentence report. And so if that's the case, isn't the judge saying that I'm accepting the plea, but I've got to have all the information before I execute all of the portions and the components of the agreement? I see I'm out of time. Judge Strange, may I answer Judge Donald's question? The court did not defer sentencing. The court deferred acceptance of the plea agreement, which is certainly within its prerogative, and it did want to gather information to decide whether it wanted to accept this plea agreement, similar to the exercise that the defense would have gone through in deciding whether to accept the plea agreement. Do I accept this plea agreement and take 14 years, or do I take a chance of going to trial and getting 20 or more? So here, again, it is one whole. So when the judge decided that he was going to reject the plea agreement, he has to reject the whole plea agreement, not piecemeal it. It's against Fleming. It's against every circuit's precedent of the cases we've cited in our brief. And I was saying this is very similar to Henry Ellis in reverse of the Ninth Circuit case where the district judge thought that the plea agreement was too lenient, and the judge rejected the agreement but vacated the defendant's plea. Okay, so just one other quick follow-up. So in your position, Jeopardy! did not attach until the judge at step two dealt with the plea agreement and the sentencing part. Is that your position? That's exactly right. Had the judge accepted the plea agreement, then Jeopardy!'s attached, and since, you know, complied with the plea agreement, executed the plea agreement, then, yes, then Jeopardy! attaches. We can't go forward with anything else. Thank you. You've answered my question. All right. Thank you, Your Honor. Your Honor, this is a very important case. We need to have fairness on both sides of the playing field here, and this was not fair, and it's contrary to law, and this court should reverse the district court and direct the district court to proceed with the trial on this case. Thank you, Your Honor. Thank you both for your briefing and argument. The case will be taken under advisement. I'll leave the call now.